Appeal No. 23-16093

In the

## UNITED STATES COURT OF APPEALS

For the

## NINTH CIRCUIT
_____

### QUINTARA BIOSCIENCES, INC.,
Plaintiff and Appellant,

v.

### RUIFENG BIZTECH INC., ET AL.

Defendants and Appellees.
_____

Appeal from the United States District Court
Northern District of California
Case No. 3:20-cv-04808-WHA
Judge William A. Alsup
_____

### APPELLEES' BRIEF
_____

Niceforo Luceno Avila Jr. (SBN 297964)
4853 Omar St., Fremont, CA 94538
Phone: (669) 800-9035
nicavilajr@gmail.com

Attorney for Appellees
NICEFORO L. AVILA JR.

1

CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Defendant-Appellee Ruifeng Biztech Inc., states that it is a California corporation and that there are no publicly-held corporations that own 10% or more of its shares or membership interest.

TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT

TABLE OF AUTHORITIES

I. STATEMENT OF JURISDICTION ……………………….…… 8

II. STATEMENT OF THE ISSUES ……………………….…….. 8

III. STATEMENT OF THE CASE …………………………….… 9

IV. STATEMENT OF FACTS AND PROCEDURAL HISTORY

    A. FACTUAL BACKGROUND ……………………………….. 10

    B. PROCEDURAL BACKGROUND …………………………….. 11

V. SUMMARY OF ARGUMENT …………………………….… 11

VI. ARGUMENT …………………………………………….… 12

    A. The District Court did not commit grave abuse of discretion in striking trade secrets claims.

        1. Standard of Review ………………………………….. 12

        2. The Court May Strike Deficient Trade Secret Disclosures .. 13

        3. The District Court properly exercised its wide discretion in managing discovery including setting the timing and sequencing of discovery .. 14

        4. Disclosure Fails to Satisfy the Section 2019.210 Reasonable Particularity Requirement …………………………………………….… 16

            a. Appellant's Trade Secrets in the Disclosure: Categories 3 through 6 …………………………………………….… 19

            b. Appellant's Trade Secrets in the Disclosure: Categories 7 through 11 …………………………………………….… 20

3

5.   Section 2019.210 is a substantive rule that is applied in several districts in the Northern District of California …………………………….. 22

B.   The District Court Did Not Abuse Its Discretion in Finding that Any Alleged Misconduct Did Not Prevent Appellant from Fully and Fairly Presenting Its Case ………………………………………………………………… 23

1. Ninth Circuit Case Law Strongly Favors Denial of Motion for Mistrial   …………………………………………………………… 24

2. There is nothing prejudicial with Appellees counsel's Opening Argument  …………………………………………………………. 24

C.   Appellant Has Waived Its Right to Appeal the Judgment on the Ground of Insufficient Evidence Because It Failed to Timely Make a Motion for Judgment as a Matter of Law or For a New Trial …………………………………… 28

1.  Appellant did not raise either pre- or post-verdict motion ……….. 28

2.  Substantial evidence supported the jury's verdict ………………... 30

3.  Allegations about Appellees former counsel's alleged pre-trial misconduct is a red herring  ………………………………………………… 31

VII.   CONCLUSION  …………………………………………………. 31

CERTIFICATE OF COMPLIANCE

STATEMENT OF RELATED CASES

Page(s)

Cases

*In re Prototype Eng'g & Mfg., Inc* 2:17-bk-21018-R,2019 WL 9243004 ............. 20
*Imax Corp. v. Cinema. Techs., Inc.*, 152 F.3d ............................................... 13, 17
*Advanced Modular Sputtering Inc. v. Superior Court*,
   132 Cal.App.4th 826 (2005) ...................................................... 12, 21,22
*Advante International Corp. v. Mintel Learning Technology*,
   2006 WL 3371576................................................................................. 18
*Agency Solutions.Com, LLC v. TriZetto Group, Inc.*,
   819 F. Supp. 2d 1001 ........................................................................... 17
*Art of Living Found. v. Does 1–10*,
   2012 WL 1565281 (N.D. Cal. May 1, 2012) ...................................... 13
*BladeRoom Grp. Ltd. v. Facebook, Inc.*,
   2018 WL 514923 (N.D. Cal. Jan. 23, 2018) ...................................... 14
*Computer Economics, Inc. v. Gartner Group, Inc.*,
   50 F.Supp.2d (S.D. Cal. May 25, 1999) ............................................. 22
*Cone v. West Virginia Pulp & Paper Co.*,
   330 U.S. 212, 67 S. Ct. 752, 91 L. Ed. 849 (1947)............................. 29
*Cooper v. The Firestone Tire & Rubber Co.*,
   945 F.2d 1103 (9th Cir. 1991)............................................................. 25
*Crawford-El v. Britton*,
   523 U.S. 574, 118 S. Ct. 1584, 140 L. Ed. 2d 759 (1998)................... 15
*Davidson v. Kimberly-Clark Corp.*,
   889 F.3d 956 (9th Cir. 2018)............................................................... 12
*Doe v. Glanzer*,
   232 F.3d........................................................................................... 24
*E.E.O.C. v. Go Daddy Software, Inc.*,
   581 F.3d 951 (9th Cir. 2009)............................................................... 28
*Emazing Lights LLC v. De Oca*,
   2016 WL 3658945 (C.D. Cal. Jan. 7, 2016) ...................................... 19
*Ahern Rentals, Inc. v. EquipmentShare.com, Inc.*,
   2020 WL 3511438 (E.D. Cal. June 29, 2020) ..................................... 19
*GPNE Corp. v. Apple Inc.*,
   830 F.3d 1365.................................................................................... 25
*Hemmings v. Tidyman's, Inc.*,
   285 F.3d 1174 (9th Cir. 2002).............................................................. 23
*IDX Sys. Corp. v. Epic Sys. Corp.*,

5

285 F.3d 581 (7th Cir. 2002)..................................................................... 21

*Jobscience, Inc. v. CVPartners, Inc.*,
2014 WL 1724763 (N.D. Cal. May 1, 2014) ...................................................... 14

*Johnson v. Paradise Valley Unified School Dist.*,
251 F.3d 1222 (9th Cir. 2001)..................................................................... 30

*Kehr v. Smith Barney*,
736 F.2d 1283 (9th Cir. 1994)................................................... 23, 24, 25, 27

*Loop AI Labs Inc. v. Gatti*,
195 F. Supp. 3d 1107 ....................................................................... 17, 19

*M.A. Mobile LTD. v. Indian Inst. of Tech. Kharagpur*, C08-02658 RMW HRL,
2010 WL 3490209 (N.D. Cal. Sept. 3, 2010) ..................................................... 22

*MAI Sys. Corp. v. Peak Computer, Inc.*,
991 F.2d 511 (9th Cir. 1993)...................................................................... 17

*McKinley v. Eloy*,
705 F.2d 1110 (9th Cir. 1983)..................................................................... 24

*Monolithic Power Sys., Inc. v. Wei Dong*,
2021 WL 3847961 (N.D. Cal. Aug. 27, 2021) ................................................... 16

*Nitco Holding Corp. v. Boujikian*,
491 F.3d 1086 (9th Cir. 2007)..................................................................... 28

*North American Lubricants Co. v. Terry*,
2011 WL 5828232 (E.D. Cal. Nov 18, 2011)..................................................... 19

*Nurse v. United States*,
226 F.3d 996 (9th Cir. 2000)...................................................................... 12

*Openwave Messaging, Inc. v. Open-Xchange, Inc.*,
2018 WL 692022 (N.D. Cal. Feb. 2, 2018) ....................................................... 13

*Perlan Therapeutics v. Sup. Ct.*,
178 Cal.App.4th 1333 (2009) ..................................................................... 12

*Saman v. Robbins*,
173 F.3d 1150 (9th Cir. 1999)..................................................................... 28

*Settlegoode v. Portland Pub.*,
362 F.3d 1118 (9th Cir. 2004)..................................................................... 25

*Settlegoode v. Portland Pub.*,
371 F.3d 503.................................................................................... 27

*Sidney-Vinstein v. A.H. Robins Co.*,
697 F.2d 880 (9th Cir. 1983)...................................................................... 13

*Swarmify, Inc. v. Cloudflare, Inc.*,
2018 WL 2445515.............................................................................. 13,14

*Swenson v. Potter*,
271 F.3d 1184 (9th Cir. 2001)..................................................................... 30

*Tortu v. Las Vegas Metro. Police Dept.*,

556 F.3d 1075 (9th Cir. 2009)...................................................................... 28
*United States v. Orellana*,
  833 Fed. Appx. 98 .................................................................................. 25
*United States v. Pavon*,
  561 F.2d 799 (9th Cir. 1977).................................................................. 27
*United States v. Prime*,
  431 F.3d 1147.......................................................................................... 24
*Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*,
  546 U.S. 394, 126 S. Ct. 980, 163 L. Ed. 2d 974 (2006)...................... 29
*Vesta Corp. v. Amdocs Mgmt. Ltd.*,
  147 F. Supp. 3d 1147 (D. Or. 2015) ..................................................... 19
*Waymo LLC v. Uber Techs., Inc.*,
  2017 WL 5000352 (N.D. Cal. Nov. 2, 2017) ....................................... 14
*Whittlestone, Inc. v. Handi-Craft Co.*,
  618 F.3d 970........................................................................................ 12, 13
*Yeti by Molly Ltd. v. Deckers Outdoor Corp.*,
  259 F.3d 1101 (9th Cir. 2001)................................................................ 28

Statutes

28 U.S.C. sections 1331 .................................................................... 8, 10, 11
California Code of Civil Procedure § 2019.210 ...................................... 21

Rules

Fed. R. Civ. P. 50(a)................................................................................ 28
Federal Rule of Civil Procedure 12(f) ..................................................... 12
Ninth Circuit Rule 28-2............................................................................ 32
Rule 26.1 of the Federal Rules of Appellate Procedure ........................... 2
Rule 50 ..................................................................................................... 28
Rule 50(b).................................................................................................. 28

Other Authorities

*Activerain Corp. v. Move, Inc.*,
  2008 U.S. Dist. LEXIS 127718, *4-5 ................................................... 18
*Blockchain Innovation, LLC v. Franklin Res., Inc.*,
  2023 U.S. Dist. LEXIS 104537, *5-6 ................................................... 15
*Goberman v. Tri-County Metro. Transp. Dist.*,
  2000 U.S. App. LEXIS 24082, *1 ........................................................ 30

*SocialApps, LLC v. Zynga, Inc.*,
   2012 U.S. Dist. LEXIS 82767, *7...................................................................... 23
*Western Air Charter v. Schembari*,
   2018 U.S. Dist. LEXIS 229371, *11.................................................................. 19

## I.    STATEMENT OF JURISDICTION

The District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1331. The appeal was taken from a judgment after jury trial that disposed of all the parties' claims in the District Court. The District Court entered the judgment against Plaintiff-Appellant Quintara Biosciences Inc., ("Quintara") on July 13, 2023. Appellant filed a notice of appeal from the judgment on August 11, 2023.

## II.    STATEMENT OF THE ISSUES

A.    Whether the District Court committed grave abuse of discretion in striking seven out of nine trade secrets claims given that the order was issued pursuant to its broad discretion in managing discovery.

B.    Whether the District Court committed grave abuse of discretion when it denied Appellant's motion for mistrial given that there is no misconduct which prevented it from fully and fairly presenting its Case.

C.    Whether Appellant waived its right to appellate review of the judgment

on the ground of insufficient evidence because it failed to make a motion for judgment as a matter of law before the matter was submitted to the jury, which precluded it from renewing the motion after the jury rendered its verdict, and it further failed to timely make a motion for new trial.

D. Whether the jury's verdict should be affirmed because Appellees presented substantial evidence to support the verdict and the judgment.

## III. STATEMENT OF THE CASE

On December 28, 2013, Appellant's owner, Mr. Richard Shan and Appellee Mr. Gangyou Wang formalized the terms of a joint venture between Appellant Quintara and Appellee Ruifeng by entering into a Cooperation Agreement. 3-ER-309. Both companies worked collaboratively for years, shared resources, and shared access to each other's computer networks. In fact, both companies worked side-by-side for years as a joint venture. In 2019, the Collaboration Agreement was terminated. 3-ER-315. On July 17, 2020, Appellant filed the underlying suit for fraud, conversion of tangible assets, breach of duty of loyalty, misappropriation of trade secrets, and unfair competition. AOB 4. On March 13, 2021, this Court also struck nine of eleven of Quintara's alleged trade secrets claims, noting, among other things, "Plaintiff has failed to disclose most of its trade secrets with adequate particularity." 1-ER-011. On July 13, 2023, following a four-day jury trial, the jury returned a verdict in favor of Appellees. Judgement was entered for Appellees.

9

1-ER-002.

## IV.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A. Factual Background

Appellee Gangyou Wang is the Chief Executive Officer of Appellee Ruifeng Biztech, Inc., a California-based corporation. 3-ER-304. On December 28, 2013, Appellant's owner, Mr. Shan and Appellee Mr. Wang formalized the terms of a joint venture between Appellant Quintara and Appellee Ruifeng by entering into a Cooperation Agreement.  The pertinent terms of the agreement include: (a) Appellee would "invest 1 million US dollars for the purchase of new equipment and office space leasing for both parties"; and (b) Appellee would own 51% of the joint venture with Appellee managing the joint venture's bank accounts, while Appellant would own 49% of the joint venture and manage the operational aspects of the business. 3-ER-309. Appellant and Appellee also executed a separate "Contract for Services" on December 30, 2013.  3-ER-310.  Ruifeng agreed to "set up the machines required for DNA sequencing services," and at Ruifeng's expense, Ruifeng would "provide all equipment, tools, and supplies necessary to perform the contractual services" except for some plastic, enzymes, and other chemicals used in the DNA sequencing reactions. *Id*. Both companies worked collaboratively for years, shared resources, and shared access to each other's computer networks. In fact, both companies worked side-by-side for years as a joint venture.  In 2019,

10

the Collaboration Agreement was terminated. 3-ER-315. On July 17, 2020, Appellant filed the underlying suit for fraud, conversion of tangible assets, breach of duty of loyalty, misappropriation of trade secrets, and unfair competition. AOB 4.

## B. Procedural History

Appellant filed the instant suit on July 17, 2020. On October 16, 2020, the District Court dismissed the Appellant's entire claim for fraud. AOB 4. On December 22, 2020, Appellant filed its First Amended Complaint. 3-ER-303. On March 13, 2021, this Court also struck nine of eleven of Quintara's alleged trade secrets claims, noting, among other things, "Plaintiff has failed to disclose most of its trade secrets with adequate particularity." 1-ER-011. The Court allowed discovery to proceed on only Quintara's alleged Customer Profile Database and Vendor Database. *Id.* Appellant filed a writ to the Ninth Circuit challenging the District Court's Order striking nine of its claimed trade secrets. The writ was denied by the Ninth Circuit. 3-ER-298. The parties voluntarily dismissed, without prejudice, all state claims and refiled them in the Superior Court of Santa Clara. AOB 7. On July 13, 2023, following a four-day jury trial, the jury returned a verdict in favor of Appellees. Judgement was entered for Appellees. 1-ER-002.

## V.  SUMMARY OF ARGUMENT

There is no basis to overturn the Judgment. The District Court correctly

11

exercised its discretion in striking the trade secret claims, particularly Categories 3 through 11 for failure to satisfy the reasonable particularity requirement in Section 2019.210. In the exercise of its broad discretion, the District Court properly managed and sequenced the discovery. There was no misconduct during the trial, and even if there was, Appellant had the full opportunity to fairly present its case. No improper evidence went to the jury with the District Court constantly giving limiting and curative instructions. To the extent that the appeal questions the sufficiency of evidence, such issue has been waived with the failure to make a motion for judgment as a matter of law or a motion for new trial. Finally, appellees former counsel's alleged pre-trial misconduct is not relevant in this appeal.

## VI.    ARGUMENT

**A**.    **The District Court did not commit grave abuse of discretion in striking trade secrets claims.**

**1.    Standard of Review**

We review the district court's decision to strike matter pursuant to Federal Rule of Civil Procedure 12(f) for abuse of discretion." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 quoting *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000). *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018). See also *Advanced Modular Sputtering Inc. v. Superior Court*, 132 Cal.App.4th 826, 835-36 (2005); cf. *Perlan Therapeutics v. Sup. Ct.*, 178 Cal.App.4th 1333, 1348-49 (2009) (holding adequacy of a Section 2019.210

12

statement is a "discovery issue" and therefore must be reviewed on appeal for an abuse of discretion)

## 2. The Court May Strike Deficient Trade Secret Disclosures

Federal Rule of Civil Procedure 12(f) provides that the court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

A motion to strike may also dispose of Plaintiff's trade secret claims quoting relevant portions in *Swarmify, Inc. v. Cloudflare, Inc.*, No. C 17-06957 WHA, 2018 WL 2445515:

> In doing so, *Imax* affirmed a district court's decision—after commencement of discovery—to grant summary judgment for the defendant on a trade secret misappropriation claim where the plaintiff had failed to identify its alleged trade secrets with sufficient particularity. *See* 152 F.3d at 1164–68. Consistent with this approach, judges in our district—including the undersigned judge—faced with deficient disclosures under Section 2019.210 have routinely entertained defense motions to defeat trade secret misappropriation claims after commencement of discovery, whether styled as a "motion to strike," "motion for summary judgment," or something else. *See, e.g.*, *Openwave Messaging, Inc. v. Open-Xchange, Inc.*, 2018 WL 692022, at *4 (N.D. Cal. Feb. 2, 2018) (Judge William Orrick)

13

(examining adequacy of Section 2019.210 disclosure on motion for summary judgment); *BladeRoom Grp. Ltd. v. Facebook, Inc.*, 2018 WL 514923, at *3–5 (N.D. Cal. Jan. 23, 2018) (Judge Edward Davila) (same); *Waymo LLC v. Uber Techs., Inc.*, 2017 WL 5000352, at *7–9 (N.D. Cal. Nov. 2, 2017) (Judge William Alsup) (granting overlapping motions to strike and for summary judgment on trade secret misappropriation claim); *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 1724763, at *2–4 (N.D. Cal. May 1, 2014) (Judge William Alsup) (granting motion to strike and dismissing trade secret misappropriation claim) (*Jobscience I*); *Art of Living Found. v. Does 1–10*, 2012 WL 1565281, at *23 (N.D. Cal. May 1, 2012) (Judge Lucy Koh) (inviting motion for summary judgment on trade secret misappropriation claim). *Swarmify, Inc. v. Cloudflare, Inc.,* No. C 17-06957 WHA, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018)

**3.    The District Court properly exercised its wide discretion in managing discovery including setting the timing and sequencing of discovery.**

In the District Court's Order dated November 18, 2020, Appellant was required to provide a detailed statement of trade secrets:

> For each trade secret, plaintiff must file, and serve on counsel, a statement, under seal, that should include: (1) a summary of the specific trade secret; (2) the background of the trade secret and a description of how each secret has derived independent, actual or potential economic value by virtue of not being generally known to the public; (3) a description of how each secret has been the subject of reasonable efforts to maintain its secrecy; and finally (4) each of the precise claimed trade secrets, numbered, with a list of the specific elements for each, as claims would appear at the end of a patent. 1-ER 020-021.

However, for the most part, Appellant failed to obey the above-mentioned order. Consequently, the District Court granted in part Appellees' motion to strike ruling that Appellant failed to disclose most of its trade secrets with adequate

14

particularity and further striking nine out of eleven trade secrets in the Disclosure, leaving the two surviving trade secrets being customer profile database and vendor database. 1-ER-011. The District Court, in justifying its order, invoked its wide discretion in controlling discovery and further stating "though state procedure does not govern here, in the trade secret context the undersigned judge has often borrowed the tried and true California Code of Civil Procedure § 2019.210 under the district court's Rule 16 case-management authority." *Id.*

The District Court committed no grave abuse of discretion in striking most of Appellant's trade secret claims for failure to disclose with adequate particularity.

Having said that, federal courts have wide discretion to manage discovery, including to "set the timing and sequence of discovery." *Blockchain Innovation, LLC v. Franklin Res., Inc.,* 2023 U.S. Dist. LEXIS 104537, *5-6 quoting *Crawford-El v. Britton*, 523 U.S. 574, 599, 118 S. Ct. 1584, 140 L. Ed. 2d 759 (1998). Thus, even though section 2019.210 is not literally applicable to this case, a federal court undoubtedly has the discretion to require the disclosure of trade secrets before allowing trade secret-related discovery to proceed. *Id.*

In exercise its wide latitude in managing discovery including its timing and sequencing, the District Court opined as follows: "The point is to nail down the asserted trade secrets with sufficient particularity to permit us to discern the reasonable bounds of discovery, to give defendants enough notice to mount a

15

cogent defense, and to prevent plaintiff from indulging in shifting sands." 1-ER-011.

A court might also find discovery sequencing appropriate if it thought the plaintiff, through artful pleading, "was trying to avoid CUTSA's strictures." *Monolithic Power Sys., Inc. v. Wei Dong*, 2021 U.S. Dist. LEXIS 162852, 2021 WL 3847961, *1 (N.D. Cal. Aug. 27, 2021).

Thus, for finding discovery sequencing appropriate in exercise of its broad latitude in managing discovery, the District Court committed no grave abuse of discretion.

**4**. **Disclosure Fails to Satisfy Section 2019.210 Reasonable Particularity Requirement**

A plaintiff seeking relief for misappropriation of trade secrets "must identify the trade secrets and carry the burden of showing that they exist." *MAI Sys. Corp. v. Peak Computer, Inc*., 991 F.2d 511, 522 (9th Cir. 1993) The plaintiff  "should describe the subject matter of the trade secret with *sufficient particularity* to separate it from matters of general knowledge in the trade or of special knowledge of those persons . . . skilled in the trade." *Imax Corp. v. Cinema. Techs.*, Inc., 152 F.3d 1161, 1164 (9th Cir. 1998). Identifying trade secrets with sufficient particularity is important because defendants need "concrete identification" to prepare a rebuttal. *Imax*, 152 F.3d at 1167. Courts and juries also require precision because, especially where a trade secrets claim "involves a sophisticated and highly complex" system, the district court or trier of fact will not have the requisite expertise to define what the plaintiff leaves abstract. *Id.* To avoid the "vague hand waiving" that the court is cautioned against, the plaintiff is burdened to make two showings. First, the plaintiff must clearly identify what the "thing" is that is alleged to be a trade secret, and second, the plaintiff must be able to clearly articulate why that "thing" belongs in the legal category of trade secret. *Agency Solutions.Com, LLC v. TriZetto Group, Inc*., 819 F. Supp. 2d 1001, 1015. A district court can therefore reject a claim that information is a trade secret *sua sponte* if the information is not identified by the claimant with sufficient particularity to allow the court to determine what the information is. *Id* at 1017. See also *Loop AI Labs*

17

*Inc. v. Gatti*, 195 F. Supp. 3d 1107, 1109 (Plaintiff's trade secret disclosure failed

to identify its alleged trade secrets with reasonable particularity as required by

Section 2019.210 and the court's prior order. The disclosure contained only broad

categories of alleged trade secrets without providing sufficient details to

distinguish the alleged secrets from matters already known in Plaintiff's field).

However, the general policies behind the specific disclosure requirement of §

2019.210 are consistent with the liberal policies behind the federal discovery rules

- to require parties to specify their claims and defenses and the evidence relating to

those claims and defenses before trial. *Activerain Corp. v. Move, Inc*., 2008 U.S.

Dist. LEXIS 127718, *4-5. Further, state law outlining the level of specificity

required by § 2019.210 and under the California Uniform Trade Secrets Act

provides useful guidance. *Id*. See *Advante International Corp. v. Mintel Learning

Technology*, 2006 U.S. Dist. LEXIS 86334, 2006 WL 3371576 at *3 n. 4 (N.D.

Cal.)(not reaching a conclusion as to whether § 2019.210 is mandatory is federal

court proceedings, but finding that "the statute provides an appropriate guide in the

absence of specific provisions in the federal rules governing trade

secret discovery"). Here, Appellant offered vague, broad, subjective, and

categorical descriptions of its trade secrets, and failed to separate plausible trade

secrets from background information and "general knowledge in the trade." *Imax*,

152 F. 3d at 1164-65. "Rather than a 'reasonably particular' list of trade secrets,

18

Appellant's disclosure resembles an effort to categorize every piece of information or know-how that could potentially have value to the company." *Loop AI Labs Inc. v. Gatti* (N.D.Cal. 2016) 195 F. Supp. 3d 1107, 1112. Thus, Appellant's disclosure fails to satisfy Section 2019.210 reasonable particularity requirement.

### a.     Appellant's Trade Secrets in the Disclosure: Categories 3 through 6

Courts in this circuit have regularly held that generic descriptions of business information are insufficient to identify protectable trade secrets. *Western Air Charter v. Schembari*, 2018 U.S. Dist. LEXIS 229371, *11. See *North American Lubricants Co. v. Terry*, No. CIV S-11-1284 KJM GGH, 2011 U.S. Dist. LEXIS 133672, 2011 WL 5828232, at *6 (E.D. Cal. Nov 18, 2011) (requiring plaintiff to provide information identifying specific customers, where interrogatory response included boilerplate list of "customer lists, business plans, [and] formula[s]"). *See also Vesta Corp. v. Amdocs Mgmt. Ltd., et al.*, 147 F. Supp. 3d 1147, 1155-56 (D. Or. 2015) (finding listing of broad categories of information "too general and generic to satisfy the reasonable particularity standard"). Courts routinely dismiss where, as here, a trade secret plaintiff "paints with a brush so broad as to include virtually every component part of Plaintiff's business operation." *Ahern Rentals, Inc. v. EquipmentShare.com, Inc.*, No. 2:19-cv-01788 MCE-KJN, 2020 WL 3511438, at *4 (E.D. Cal. June 29, 2020). "[A] laundry list of every type of information that a [plaintiff] could be expected to have … does not give sufficient

19

particularity to Defendants to give them fair notice of what precisely they are accused of misappropriating in the way of trade secrets." *In re Prototype Eng'g & Mfg., Inc.*, No. 2:17-bk-21018-R, 2019 WL 9243004, at \*2 (C.D. Cal. Bankr. Dec. 12, 2019. Appellant's "attempted thoroughness has yielded meaninglessness." *Emazing Lights LLC v. De Oca*, No. SACV 15-1561 (AG) (Ex), 2016 WL 3658945, at \*2 (C.D. Cal. Jan. 7, 2016). Appellant's disclosure is a long-winded catalogue, described in broad strokes and with no shred of indication of any particularized trade secret that may reveal the prolixity. Appellees are left to speculate where in the extended list of information a trade secret may lie. Appellant's expansive, circular and overly broad description of its marketing plans, development plans and business plans are equally devoid of any content which would differentiate from trade secret information. Nothing in there discloses anything "secret." Appellant cannot possibly interpose its defense given the generic description of the business information in the disclosure.

**b. Appellant's Trade Secrets in the Disclosure: Categories 7 through 11**

Like categories 3 through 6, nothing in Appellant's alleged trade secrets in categories 7 through 11 was described specifically enough to separate them from information generally known in the trade. It failed to distinguish between the design, concepts, software, processes, programs, tools, techniques, functionality that constitute its trade secrets, and those that are commonly used in relational

20

databases. The disclosure simply failed to separate plausible trade secrets from background information and general knowledge in the trade. *Advanced Modular Sputtering Inc. v. Superior Court,* 132 Cal. App. 4th 826 (2005). To meet its particularity burden, Appellant must "separate" any potential trade secrets "from elements" that are "hard to call trade secrets." *IDX Sys. Corp. v. Epic Sys. Corp.*, 285 F.3d 581, 584 (7th Cir. 2002). In *IDX*, for example, the plaintiff's "43-page description of the methods and processes underlying and the inter-relationships among various features making up [it]s software package" was not "specific enough." In particular, Appellant's Amended Disclosure for Trade Secret Topic 7, readily shows that there are no new or novel innovations that are not known to those skilled in the field. As for Trade Secret Topics 8 and 9, Appellant's Amended Disclosure does not identify which features or elements of the protocols are not known by those skilled in the field, and are distinct from the prior art. *Advanced Modular Sputtering v. Superior Court*, supra, 132 Cal. App. 4th at 835. They are described in generalized and vague terms. As for Trade Secret Topic 10, the disclosure is woefully deficient in providing a level of detail adequate to distinguish the subject information from general knowledge or knowledge of skilled persons in the field. *Advanced Modular Sputtering v. Superior Court*, supra, 132 Cal. App. 4th at 835. As for Trade Secret Topic 11, Appellant has failed to identify which elements of its claimed trade secret differ from what is known to

21

those skilled in the field, and are distinct from the prior art. *Advanced Modular Sputtering v. Superior Court*, supra, 132 Cal. App. 4th at 835. Thus, categories 7 through 11 are non-code compliant with Section 2019.210.

**5.    Section 2019.210 is a substantive rule that is applied in several districts in the Northern District of California.**

Section 2019.210 has been applied in several District Courts in the Northern District of California in the management of discovery in federal actions involving trade secrets claims. In *M.A. Mobile LTD. v. Indian Inst. of Tech. Kharagpur*, C08-02658 RMW HRL, 2010 WL 3490209 (N.D. Cal. Sept. 3, 2010), the Court said, "requiring trade secret plaintiffs in federal court to comply with Section 2019.210 provides "reasonable notice of the issues which must be met at the time of trial and to provide reasonable guidance in ascertaining the scope of appropriate discovery." This Court further observed, however, that in highly technical cases where "the alleged trade secrets consist of incremental variations on, or advances in the state of the art in a highly specialized technical field, a more exacting level of particularity may be required to distinguish the alleged trade secrets from matters already known to persons skilled in that field." *Id*. (quoting *Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal. App. 4th 826, 836 (2005)). Section 2019.210 does not conflict with any Federal Rule of Civil Procedure but rather assists the court and parties in defining the appropriate scope of discovery. *See Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F.Supp.2d

22

989 (S.D. Cal. May 25, 1999). Requiring compliance with section 2019.210 does not conflict with any federal rule. To the contrary, application of section 2019.210 is generally consistent with Rule 26's requirements of early disclosure of evidence relevant to the claims at issue and the Court's authority to control the timing and sequence of discovery in the interests of justice. It is likewise consistent, not in conflict, with the court's authority to issue a protective order regarding discovery of trade secret and confidential information as set forth in Rule 26(c)(1)(G).

*SocialApps, LLC v. Zynga, Inc.*, 2012 U.S. Dist. LEXIS 82767, *7

Culling from the foregoing, there is sufficient case law that Section 2019.210 is applicable to federal proceedings such as the present case.

## B. The District Court Did Not Abuse its Discretion in Finding that Any Alleged Misconduct Did Not Prevent Appellant from Fully and Fairly Presenting Its Case, thus, correctly denying motion for mistrial.

Generally, misconduct by trial counsel results in a new trial if the "flavor of misconduct sufficiently permeates an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict." *Kehr v. Smith Barney*, 736 F.2d 1283, 1286 (9th Cir. 1994). Because the district court is in a better position to evaluate the prejudicial effect of any misconduct, an appellate court will not overrule a district court's ruling about the effect of counsel's alleged misconduct unless it has "a definite and firm conviction that the court committed a clear error of judgment." *Hemmings v. Tidyman's, Inc*., 285 F.3d 1174, 1192 (9th

23

Cir. 2002).

### 1. Ninth Circuit Case Law Strongly Favors Denial of Motion for Mistrial

To win the extraordinary remedy of a mistrial, the moving party must establish that opposing counsel's alleged misconduct so permeated the entire trial to "provide conviction that the jury was influenced by passion and prejudice in reaching its verdict." *Doe v. Glanzer*, 232 F.3d at 1270 (affirming denial of motion for mistrial). The standard for granting a mistrial is extremely high. *Glanzer*, 232 F.3d at 1270-1271. "A few sustained objections dispersed over the course of a trial, coupled with limiting jury instructions [as happened here], cannot suffice to meet the high 'permeation' standard necessary to invalidate the verdict of a trial." *Id*. at 1271. A district court's denial of a motion for mistrial is reviewed for abuse of discretion. *McKinley v. Eloy*, 705 F.2d 1110, 1117 (9th Cir. 1983). Ordinarily, the United States Court of Appeals for the Ninth Circuit reviews the denial of a motion for mistrial for abuse of discretion. *United States v. Prime*, 431 F.3d 1147, 1150. The Ninth Circuit uses this deferential standard, because the "trial court is in a far better position to gauge the prejudicial effect of improper comments than an appellate court which reviews only the cold record." *Kehr v. Smith Barney, Harris Upham & Co.*, 736 F.2d 1283, 1286 (9th Cir. 1984).

**2. There is nothing prejudicial with Appellee counsel's Opening Argument**

24

In the Ninth Circuit, a federal judge has broad discretion in supervising a trial, and his or her behavior during trial justifies reversal only if it abuses that discretion. This discretion extends to the supervision of attorney arguments; the Ninth Circuit will not reverse a judgment because of statements made in the arguments of counsel unless they were so prejudicial that a failure to declare a mistrial was an abuse of discretion. *GPNE Corp. v. Apple Inc*., 830 F.3d 1365, 1367. Importantly, where the alleged misconduct occurs primarily during opening statement or closing argument, motions for mistrials are rarely granted. See, e.g., *Kehr v. Smith Barney, Harris Upham & Co*., 736 F.2d at 1286 (affirming denial of mistrial, in part, because "offending remarks occurred principally during opening statement and closing argument"); *Cooper v. The Firestone Tire & Rubber Co*., 945 F.2d 1103, 1107 (9th Cir. 1991) ("alleged misconduct occurred only in the argument phase of trial"). Where "offending remarks occurred principally during opening statement and closing argument … [the Ninth Circuit is] less inclined to find the statements pervaded the trial and thus prejudiced the jury." *Settlegoode v. Portland Pub. Schs*., 362 F.3d 1118, 1131 (9th Cir. 2004) (citing *Kehr*, 736 F.2d at 1286).

Here, Appellant complains as to the slides shown by Appellees' counsel as inflammatory contending "the slides contained many inappropriate arguments such

25

as the graphic comparison of Quintara's owners to Bonnie and Clyde." AOB 40.

The mention of "Bonnie and Clyde" in Appellees counsel's Opening Argument was instantly met with a curative instruction from the Court with the following statement: "But I have to tell you, not a single word that you're hearing now is evidence, not a word, just like it was for Mr. Li. And I have faith in the jury to keep it straight." 2-ER-134. Preliminarily, Appellant did not propose any curative instruction at trial and has therefore waived a challenge.

Assuming the reference to "Bonnie and Clyde" is prejudicial, the curative instruction from the judge instantly cured any prejudice. A cautionary instruction from the judge is generally sufficient to cure any prejudice from the introduction of inadmissible evidence, and is the preferred alternative to declaring mistrial when a witness makes inappropriate or prejudicial remarks; mistrial is appropriate only where there has been so much prejudice that an instruction is unlikely to cure it. *United States v. Orellana,* 833 Fed. Appx. 98, 100. Assuming Appellees counsel's remark was inappropriate, however, such instance of isolated conduct did not permeate the trial that the jury was necessarily prejudiced. The district court found that the comment did not sufficiently prejudice the jury as to warrant a new trial. A decision to not declare a mistrial will be reversed only if the improper comment, viewed in the context of the entire trial, more likely than not materially affected the verdict. *Id.* There is a strong presumption that the curative instructions given by the

26

district court were followed by the jury and therefore we so presume. *See United States v. Pavon*, 561 F.2d 799, 803 (9th Cir. 1977)

While counsel used graphic terms such as "brave little girl," "most cruel of disabilities" and "spite toward my client" to make his argument, we see nothing wrong with this. A trial lawyer's job, after all, is to present his client's case in the most sympathetic light consistent with the evidence. Using some degree of emotionally charged language during closing argument in a civil case is a well-accepted tactic in American courtrooms. The counsel's argument here came nowhere near stepping over the line. *Settlegoode v. Portland Pub. Schs,* 371 F.3d 503, 518.

Appellees' counsel, being an ardent advocate of appellees' defenses, came nowhere transcending the bounds of acceptable opening statement. The reference to "Bonnie and Clyde" is so miniscule and even deemed to be a stray remark as compared to the hundreds of transcript pages generated over a four-day trial. Thus, viewed in its totality, whatever impropriety caused by the reference to "Bonnie and Clyde" more likely did not materially affect the verdict. The trial court is in a far better position to gauge the prejudicial effect of improper comments than an appellate court which reviews only the cold record, we conclude that the district court did not abuse its discretion by refusing to grant a new trial. *Kehr*, 736 F.2d at 1283, 1286.

**C. Appellant Has Waived Its Right to Appeal the Judgment on the Ground of Insufficient Evidence Because It Failed to Timely Make a Motion for Judgment as a Matter of Law or For a New Trial.**

### 1. The appellant did not raise either pre- or post-verdict motion.

Appellant did not raise any motion regarding the sufficiency of the evidence, either pre- or post-verdict. "In order to preserve a challenge to the sufficiency of the evidence to support the verdict in a civil case, a party must make two motions. First, a party must file a pre-verdict motion pursuant to Fed. R. Civ. P. 50(a)." *Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089 (9th Cir. 2007) (citing *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1109 (9th Cir. 2001)). "Second, a party must file a post-verdict motion for judgment as a matter. of law or, alternatively, a motion for a new trial, under Rule 50(b)." Id. (citing *Saman v. Robbins*, 173 F.3d 1150, 1154 (9th Cir. 1999)). The reason for this two-step approach is, a party cannot raise arguments in a post-trial Rule 50(b) motion that were not raised in the pre-verdict Rule 50(a) motion. See *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) (a Rule 50(b) motion "is not a freestanding motion"). As such, a Rule 50(a) motion is a prerequisite to filing a Rule 50(b) motion. *Tortu v. Las Vegas Metro. Police Dept.*, 556 F.3d 1075, 1081-83 (9th Cir. 2009) ("As Rule 50 and its notes clearly instruct, we strictly construe the procedural requirement of filing a Rule 50(a) motion before filing a Rule 50(b)

28

motion.'").

The Supreme Court has expressly directed that "'in the absence of [a Rule 50(b)] motion' an 'appellate court [is] without power to direct the District Court to enter judgment contrary to the one it had permitted to stand.'" *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 400-01, 126 S. Ct. 980, 163 L. Ed. 2d 974 (2006) (quoting *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 218, 67 S. Ct. 752, 91 L. Ed. 849 (1947)). According to the Supreme Court, the district court's consideration of a Rule 50(b) motion is vital to the decision-making process: The "determination of whether a new trial should be granted or a judgment entered under Rule 50(b) calls for the judgment in the first instance of the judge who saw and heard the witnesses and has the feel of the case which no appellate printed transcript can impart." *Cone*, 330 U.S. at 216.

Here, Appellant's failure to file a Rule 50(b) motion is fatal to its challenge on appeal to the jury verdict because the it did not file an appropriate Rule 50(b) motion with the district court. The appellate court, thus, has no authority to consider its challenge to the sufficiency of the evidence in support of the jury's verdict. However, Appellant obliquely framed in presenting its issues, said appeal ultimately challenges the jury's factual findings in support of its verdicts. The jury's factual finding that Appellant did not own the customer profile database at the time of the alleged misappropriation was not challenged by Appellant either

29

pre- or post-verdict. Because of this factual finding, the jury did not even have to decide the other issues. Element no. 1 in the claim for misappropriation of trade secret which is ownership of trade secret is absent. This factual finding makes Appellant's case dead on arrival. This factual finding of non-ownership of trade secret by the jury should be probative to the adjudication of the seven out of nine trade secrets claimed in Appellant's FAC, that were appropriately stricken by the District Court. Appellant did not own any trade secrets at all. The jury concluded that the evidence and law supported the Judgment against Appellant. Therefore, to the extent Appellant's appeal challenges the sufficiency of the evidence supporting the jury's verdict, it has waived that right to appeal.

### 2. Substantial evidence supported the jury's verdict.

A jury verdict in a civil case must be upheld if it is supported by substantial evidence. *Swenson v. Potter,* 271 F.3d 1184, 1190 (9th Cir. 2001). Substantial evidence is evidence adequate to support the jury's conclusion, even if it is possible to draw a contrary conclusion from the same evidence. *Johnson v. Paradise Valley Unified School Dist.,* 251 F.3d 1222, 1227 (9th Cir. 2001). The credibility of witnesses and the weight of the evidence are issues for the jury and are generally not subject to appellate review. *Goberman v. Tri-County Metro. Transp. Dist.*, 2000 U.S. App. LEXIS 24082, *1.

This Court should affirm the jury's verdict in this case because there was

30

substantial evidence to support the verdict. Based on the substantial evidence supporting the jury's verdict, Appellant's request that the jury's verdict be reversed should be denied.

**3.     Allegations about Appellees former counsel's alleged pre-trial misconduct is a red herring.**

Appellant spent a good amount of time in its Opening Brief chronicling the alleged pre-trial misconduct of Appellees' former counsel including narrating some run-ins with judges. This is a red herring aimed at diverting this Court's attention from analyzing the issues. As to what impelled Appellant to abundantly narrate Appellees former counsel's episodes with some judges is a question that only Appellant can disclose. There is a separate and independent proceeding for that which does not concern this appeal. This needless and unwarranted chronicle is meant to clutter up a record with irrelevant and immaterial evidence.

## VII.  CONCLUSION

For all the foregoing reasons, the District Court's order striking seven out of nine trade secrets should be affirmed. For Appellant's failure to meet its burden of demonstrating grounds for reversal, the Judgment should be affirmed.

Date:  August 28, 2024                                  Respectfully submitted,

                                                                s/ *Niceforo Avila Jr.*
                                                                _____
                                                                Niceforo Avila Jr.

31

## CERTIFICATE OF WORD COUNT

Appellees certify that the brief to which this certificate is attached contains 6,923 words, as counted by the word processing system used to prepare it. This count is inclusive of the cover, tables of contents and authorities and this certificate.

August 28, 2024                                   By   s/ *Niceforo Avila Jr.*
                                                       _____
                                                       Niceforo Avila Jr.

## STATEMENT OF RELATED CASES

Other than the one case, Case No. 21CV385112, identified by Appellant in its Opening Brief (Appellant's Br. 7), counsel for Appellees is aware of no other cases that are related within the meaning of Ninth Circuit Rule 28-2.