Appeal No. 23-16093

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

QUINTARA BIOSCIENCES, INC.,
Plaintiff/Appellant

v.

RUIFENG BIZTECH INC., et al.
Defendants/Appellees

Appeal from the United States District Court,
Northern District of California
Case No. 3:20-cv-04808-WHA
(Judge William A. Alsup)

**APPELLANT'S REPLY BRIEF**

**LiLaw Inc., a Law Corporation**
J. James Li, Ph.D. (State Bar No. 202855)
1905 Hamilton Avenue, Ste 200
San Jose, California 95125
Telephone: 650-521-5956
Facsimile: 650-521-5955
Attorneys for
Plaintiff/Appellant

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Plaintiff and Appellant Quintara Biosciences, Inc. ("Quintara") hereby certifies that there is no publicly held corporation that owns 10% or more of the equity interest of Quintara.

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................ 1

II.      ARGUMENT.................................................................................... 2

     A.   Appellees Did Not Address the Legal Question of Whether a Federal Court May Apply a California Procedure Rule to Strike Federal Claims ........................................................................2

     B.   The District Court Should Not Be Allowed to Make an End Run of Federal Pleading Standards in the Name of Managing Discovery ......................................................................................3

     C.   Quintara Complied with CUTSA 2019.210 ...........................................5

     D.   A New Trial Should Be Ordered ............................................................6

III.     CONCLUSION.................................................................................. 8

# TABLE OF AUTHORITIES

## Cases

*Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F. Supp. 3d 868, 882 (N.D. Cal. 2018)....3

*Kehr v. Smith Barney, Harris Upham & Co.*, 736 F.2d 1283, 1286 (9th Cir. 1984) 6

*Settlegoode v. Portland Pub. Sch.*, 362 F.3d 1118, 1131 (9th Cir. 2004) .................6

*Yeiser Rsch. & Dev., LLC v. Teknor Apex Co.*, No. 17-CV-1290-BAS-MSB, 2019

    WL 2177658, at *4 (S.D. Cal. May 20, 2019) ....................................................2

## Statutes

California Civil Procedure Code § 2019.210..........................................................3

## Treatises

8 Wright & Miller § 2008 .....................................................................................4

## I.    INTRODUCTION

An important legal issue of first impression in this Court is whether a district court may dismiss federal DTSA claims using a California procedural law, CUSTSA 2019.210, where the dismissed claims indisputably comply with the federal plausibility pleading standard. In its Opening Brief ("OB"), Quintara presented various cases showing why federal courts should not apply CUSTSA 2019.210 to DTSA claims, on the grounds that DTSA does not require a heightened pleading standard, that DTSA conspicuously omitted a provision like CUSTSA 2019.210, and that allowing California federal courts to apply California's local rules to modify the pleading standard for DTSA violates the basic tenet that federal laws should be administered consistently across the nation.

In their Answering Brief ("AB"), Appellees did not offer any counter arguments to the above discussions of the law. Thus, the Court should reverse the District Court's decision dismissing seven DTSA claims relying on CUTSA 2019.210.

Regarding the question of whether a new trial should be ordered due to Ms. Kamath's misconducts, Appellees primarily relied on cases where the courts stated that misconducts occurred in opening statement and closing argument cannot be a basis for a new trial. These cases, however, are distinguishable because they

involved much milder misconducts compared with Ms. Kamath's. Thus, the order denying mistrial should be reversed.

## II.     ARGUMENT

**A.     Appellees Did Not Address the Legal Question of Whether a Federal Court May Apply a California Procedure Rule to Strike Federal Claims**

As discussed in the OB, a court may not strike federal substantive claims under DTSA using CUTSA 2019.210, a California discovery rule (OB at 21-25). Appellees did not address this issue directly. They merely cited a string of cases where CUTSA 2019.210 was applied in federal diversity or supplemental cases where the trade secret claims arose under CUSTA. Appellees, however, did not and could not cite any case, other than Judge Alsup's own cases, that applied the CUTSA discovery rule to pure DTSA claim.

As discussed in the OB, several district courts have ruled since 2017 that CUSTSA 2019.210 does not apply to federal DTSA claims. See OB at 24-25. Importantly, Appellees' Answering Brief does not provide any opposition to these courts' in-depth analyses of the legal issue. In *Yeiser Rsch. & Dev., LLC v. Teknor Apex Co.*, No. 17-CV-1290-BAS-MSB, 2019 WL 2177658, at *4 (S.D. Cal. May 20, 2019), the district court cited the legislative history of DTSA and concluded that "DTSA aims to establish a single, national standard for trade secret misappropriation with clear rules and predictability for everyone involved" and

2

that "DTSA does not contain any heightened pleading requirements for civil litigants." *Id.* Appellees offered no response to these legal findings by *Yeiser*.

Appellees failed to respond to another district court's legal reasoning that "Federal Rule of Civil Procedure 9's heightened pleading standard does not apply to trade secrets cases" and "[CUTSA] 2019.210 has no place at the pleading stage." *Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F. Supp. 3d 868, 882 (N.D. Cal. 2018).

Appellees did not respond to the general rule set forth in *Hanna v. Plumer*, 380 U.S. 460, 472 (1965) that "[o]ne of the shaping purposes of the Federal Rules is to bring about uniformity in the federal courts <u>by getting away from local rules</u>." Appellees offered no response to the contention that it is a violation of the "uniformity" principle to allow a California federal court to use CUTSA to change the pleading standard of DTSA.

Thus, the District Court's application of CUTSA 2019.210 to strike seven trade secret claims under DTSA is a legal error and should be reversed.

**B.      The District Court Should Not Be Allowed to Make an End Run of Federal Pleading Standards in the Name of Managing Discovery**

Appellees did not dispute Quintara's position that its factual allegations regarding the seven dismissed trade secret claims were sufficient under the federal

plausibility pleading standard. *See* OB at 22-23. Thus, the District Court circumvented the federal pleading standard to dismiss the seven DTSA claims.

Appellees also did not respond to the legal analysis that CUTSA 2019.210 may not be "backdoored" into a DTSA claim under district courts' inherent power to manage discovery. *See* OB at 25-27. Appellees merely argued that "federal courts have wide discretion to manage discovery, including to 'set the timing and sequence of discovery.'" AB at 15. What the District Court did in this case, however, was not managing discovery, but summarily dismissing seven DTSA claims based on the alleged insufficiency of the complaint. Appellees offered no response to the accepted legal tenet that "[d]iscovery is not to be denied because it relates to a claim or defense that is being challenged as insufficient." 8 Wright & Miller § 2008. Thus, even for managing discovery, while a court may adjust the timing and sequencing, it cannot deny discovery simply because the complaint was insufficiently pleaded. Further, the District Court did not just deny discovery on the seven trade secret claims; it went a step further to dismiss these claims. What the court did was to abuse its discovery-managing discretion to dismiss claims it did not like, without even referencing the plausibility pleading standard. To allow such discretion is to eviscerate the federal pleading standard for DTSA claims. The District Court in this case made an end run of the plausibility pleading standard, by dismissing the seven DTSA claims in complete disregard of the pleading standard.

4

**C.      Quintara Complied with CUTSA 2019.210**

Based on the above discussions, this appeal should not turn on whether Quintara complied with CUTSA 2019.210 because the California rule does not apply to DTSA claims.

In any event, Quintara did comply with CUTSA 2019.210, as discussed in detail in the Opening Brief. *See* OB at 30-37. Appellees responded to the detailed factual reasonings with a string of cases plus conclusory statements. AB at 17-22. For example, as to the computer source code which was identified as trade secret No. 7, Quintara analyzed in detail why its pleadings in this regard complied with CUTSA 2019.210, including the names and functions of the source code submodules. OB at 31-34. These features identified the source code with reasonable particularity and pleaded sufficient facts to render the code valuable for not being generally known. In response, Appellees merely stated a conclusion that "Appellant's Amended Disclosure for Trade Secret Topic 7, readily shows that there are no new or novel innovations that are not known to those skilled in the field." AB at 21. This statement is not even the definition of trade secrets. A trade secret is information that is a secret and has value from not being generally known. 18 U.S. Code § 1839(3).  A set of confidential source code with useful functionalities obviously meet the standard as it is a secret and has value from not being generally known because competitors like Appellees would obtain an asset

5

by misappropriating the source code. To say a trade secret must contain "new or novel innovations" is to confuse patentable ideas and trade secrets as discussed in the Opening Brief. OB at 33. Thus, Appellees have not provided any substantive responses on this matter.

**D.     A New Trial Should Be Ordered**

Appellees do not dispute with the fact that their counsel committed serious misconducts during the trial, especially during the opening statement and closing argument. Nor do Appellees dispute with the fact that Ms. Kamath's inflammatory statements had no evidentiary support. Additionally, Appellees do not dispute the fact that Quintara timely objected to Ms. Kamath's misconducts and even moved for mistrial shortly after the opening statement.

Appellees, however, contend that Ms. Kamath's misconducts happened during opening and closing do not warrant mistrial, citing *Kehr v. Smith Barney, Harris Upham & Co.*, 736 F.2d 1283, 1286 (9th Cir. 1984) and *Settlegoode v. Portland Pub. Sch.*, 362 F.3d 1118, 1131 (9th Cir. 2004)[1]. These cases are readily distinguishable.

In *Kehr*, the misconducts at issue pale in comparison with Ms. Kamath's in this case. In relevant part, counsel in Kehr "made unsubstantiated accusation of

---

[1] This decision was superseded by a later decision, *Settlegoode v. Portland Pub. Sch.*, 371 F.3d 503, 518 (9th Cir. 2004).

tampering with documents." *Kehr*, 736 F.2d at 1286. In contrast, Mr. Kamath repeatedly accused Quintara's owners stealing or robbing money from her clients and comparing them to Bonnie and Clyde. Such arguments made in the opening statement prejudiced the jury's minds against Quintara. Although the judge told the jury that what counsel said in opening and closing were not evidence, it did not instruct the jury in a way to neutralize the prejudicial effects of these arguments.

Similarly, in *Settlegoode v. Portland Pub. Sch.,* 371 F.3d 503, 518 (9th Cir. 2004), the closing argument told the jury how heartbroken of a disabled little girl and how the defendant acted "just out of spite." *Id.* at 518. Not only were these commentaries mild compared with Ms. Kamath's in this case, they also "go[] to the heart of Settlegoode's retaliation claim" and supported by evidence. *Id.* In contrast, Ms. Kamath's comments were baseless and highly inflammatory, without any direct connection with the trade secret claim at trial. As it was made in the opening statement, it sets a prejudicial tone for the entire trial against Quintara.

Ms. Kamath's misconducts during the trial were not isolated events, as discussed in the Opening Brief. OB at 9-13. Ms. Kamath's inflammatory approach to advocacy was again in full display shortly before she was substituted out of the case, repeatedly accusing this Court of racism and misogynism over a trivial matter of seeking extension. *See e.g.,* DktEntry 31, 37. Kamath even sued this Court and

7

Judge Mary Murguia. DktEntry 33, 35. These events give the full picture to Ms.

Kamath's style of litigation which is relevant to her misconducts at trial.

A new trial should be ordered.

### III.   CONCLUSION

Quintara respectfully requests that the Court:

a.  Reverse the November 18, 2020, order (Dkt. 40) that stayed discovery pending satisfactory trade secret disclosure under CUTSA 2019.210.

b.  Reverse the December 22, 2020, order (Dkt. 53) that invited Appellees to file a motion to strike trade secrets under CUTSA 2019.210.

c.  Reverse the March 13, 2021, order (Dkt. 87) that struck seven trade secret claims: source code, customized protocols and reagents, design of new products, and DNA donor technology.

d.  Reverse order denying Quintara's motion for a mistrial

e.  Vacate the jury's verdict in favor of Appellees.

f.  Remand the matter to the District Court and order a new trial with proper discovery.

Dated: September 16, 2024        **LILAW INC.**

By: s/ J. James Li

———————————————

J. James Li, Ph.D.

9

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

**Form 8. Certificate of Compliance for Briefs**

*Instructions for this form:*
*http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** 23-16093_____

I am the attorney or self-represented party.

**This brief contains ____1,754_____ words,** excluding the items exempted

by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R.

App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ X ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5),
Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
[ ] it is a joint brief submitted by separately represented parties;
[ ] a party or parties are filing a single brief in response to multiple briefs; or
[ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/J. James Li_____ **Date** _12/020/2023_____
*(use "s/[typed name]" to sign electronically-filed documents)*

10